IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CTD NETWORKS LLC,**  Plaintiff,  v.  **MICROSOFT CORPORATION,**  Defendant. | Civil Action No. 6:22-cv-01049-XR  JURY TRIAL DEMANDED |

**OBJECTIONS TO DECLARATION OF ERIC MOREHOUSE**

In connection with Microsoft's Renewed Motion for Sanctions Against William Ramey,[1] it purportedly discovered new evidence, the Morehouse Declaration.[2] Each statement in the Morehouse Declaration consists almost entirely of inadmissible conclusory hearsay.[3] The threadbare statements are entitled to no weight and should be stricken. The Morehouse Declaration lacks all credibility as it was only created to aid CTD in settling its dispute with Microsoft.

**I.   Each Paragraph of the Declaration of Eric Morehouse Should Be Excluded**

Each of the paragraphs of the Morehouse Declaration is a conclusory, self-serving statement not previously made in any court filing. Other than the threadbare statements, there is no support for the Morehouse Declaration. However, in addition to that, the Morehouse Declaration is entitled to no weight as each of its statements are demonstrably false.

---

[1] Doc. No. 65.
[2] Doc. No. 65-8.
[3] *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("[e]vidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial").

1

Paragraph 2 of the Morehouse Declaration is entirely hearsay and is false as CTD can satisfy at least a portion of any judgment. CTD has settled many lawsuits producing sufficient revenue for CTD to satisfy at least a portion of Microsoft's fee request. Sealed exhibits A-D[4] to the Ramey Declaration filed in support of Ramey LLP's response to Microsoft's renewed motion for sanctions are true and correct copies of four redacted settlement agreements. Due to confidentiality provisions in the settlement agreements, Ramey LLP is filing the settlement agreements heavily redacted and sealed. However, upon Court Order, Ramey LLP can file sealed copies of the unredacted settlement agreements.[5] The settlement agreements show revenue received by CTD. Ramey LLP is prevented from disclosing the agreements without Court Order. Ramey LLP requests that Paragraph 2 is stricken.

Paragraph 3 is entirely hearsay and is demonstrably false as not only did Morehouse approve the filing of the Amended Complaint,[6] he and Erik Lund sent the claim charts to be included with the Second Amended Complaint in an e-mail on April 18, 2023. Exhibit E to the Ramey Declaration filed in support of Ramey LLP's response to Microsoft's renewed motion for sanctions is a true and correct copy of an April 18, 2023 e-mail from Erik Lund to Linda Saltiel (a former attorney at Ramey LLP), copying Morehouse, William Ramey, Kyril Talanov and Susan Kalra. The e-mail address "elund@aipisolutions.com" is the e-mail address for Erik Lund. The e-mail address "emorehouse@aipisolutions.com" is the e-mail address for Eric Morehouse. Exhibits F-I to the Ramey Declaration filed in support of Ramey LLP's response to Microsoft's

---

[4] Doc No. 74-3 – 74-6.
[5] Doc. No. 74-2, Ramey Decl. at ¶3(a).
[6] The Amended Complaint was filed as First Amended Complaint (Doc. No. 39). The Court dismissed the First Amended Complaint but also mentioned Second Amended Complaint in the Order (Doc. No. 44 at 19). Morehouse's Late Declaration's reference to the Second Amended Complaint is believed to reference Doc. 39 as there was no amended complaint styled Second Amended Complaint.

renewed motion for sanctions are true and correct claim charts sent by Erik Lund and Eric Morehouse for the Amended Complaint against Microsoft filed April 21, 2023. Exhibit J to the Ramey Declaration filed in support of Ramey LLP's response to Microsoft's renewed motion for sanctions is a true and correct copy of an e-mail chain between Erik Lund, Eric Morehouse, and William Ramey wherein Erik Lund acknowledges that "we" (including Eric Morehouse) gave our best efforts to the Amended Complaint against Microsoft.[7] This communication further show Eric Morehouse's approval even after the Amended Complaint against Microsoft was filed. Ramey LLP requests that Paragraph 3 is stricken.

Paragraph 4 is entirely hearsay and is false as Eric Morehouse had many chances to dismiss the Amended Complaint but did not and in fact approved proceeding forward in the case even after the June 29, 2023 Hearing on Microsoft's Motion to Dismiss the Amended Complaint. Exhibit K is a true and correct copy of an e-mail dated April 25, 2023 from Linda Saltiel to Eric Morehouse forwarding a settlement communication from Microsoft. Exhibit L is a true and correct copy of the settlement communication attached to Exhibit K to the Ramey Declaration filed in support of Ramey LLP's response to Microsoft's renewed motion for sanctions. Microsoft offered a walk away at that point and Eric Morehouse did not accept. On June 30, 2023, after the hearing on Microsoft's Motion to Dismiss, Morehouse approved CTD to "stay the course" even though Ramey counseled that CTD would likely to need to appeal and may be sanctioned. Morehouse specifically affirmed the instructions by saying "S[o]unds (sp) good" in response to Ramey's request for direction. In subsequent phone conversations, Morehouse affirmed continuing through appeal but at some point, after Joe Zito became involved, Morehouse changed his position. In fact, William Ramey's e-mail discusses dismissing the amended complaint, but Morehouse

---

[7] Doc. No. 74-2 Ramey Decl. at ¶3(b).

directed not dismissing the Amended Complaint and proceeding on.[8]  It belies belief that Morehouse now claims that he directed Ramey LLP to dismiss the Amended Complaint.  The contemporaneous documents show otherwise.  Ramey LLP requests that Paragraph 4 is stricken.

Neither Ramey nor anyone else at Ramey LLP was instructed to dismiss the Amended Complaint.  Exhibit N is an e-mail chain dated September 14, 2023 where Lund and Morehouse are asking what needs to be done in the cases after receiving Microsoft's request to meet and confer on the reasonableness of the requested fees.[9]  There is no question that a dismissal was discussed but Morehouse chose the route of appeal and the documents show just that.

Exhibit O to the Ramey Declaration filed in support of Ramey LLP's response to Microsoft's renewed motion for sanctions an e-mail chain dated October 23, 2023 concerning Morehouse, Lund and Joe Zito's proposed revisions to Ramey's declaration in our response to the motions for fees filed by Microsoft, Google and Cisco.  Exhibit P is nonexistent..  Notably, in Sealed and redacted Exhibit O, Lund states, the 4:12 pm e-mail on October 23, 2023, that Morehouse is not counsel for any of AiPi clients/customers, which includes CTD, in direct contradiction to Paragraph 1 of Morehouse's declaration.[10]

This late assertion that Morehouse is counsel for CTD does not make sense.  Morehouse appears to change his affiliation more than a chameleon walking across a multi-colored surface.  Morehouse is first a member of AiPi, communicating with an AiPi e-mail address, then a founding partner of Whitestone Law, and now in-house counsel for CTD. Regardless of Morehouse's affiliation, he was working as AiPi when he provided direction to Ramey LLP on the CTD cases.

---

[8] Doc. No. 74-2, Ramey Decl. at ¶3(c).
[9] Doc. No. 74-2, Ramey Decl. at ¶4.
[10] Doc. No. 74-2, Ramey Decl. at ¶5.

Morehouse always interacted with Ramey on CTD issues as AiPi and not as in-house counsel.[11] Ramey LLP requests that Paragraph 1 is stricken.

These statements are thus based on hearsay, irrelevant, and conclusory.[12] All four paragraphs should be stricken.

## II. Conclusion

For all the above reasons, Ramey LLP objects to and moves to strike the Declaration of Eric Morehouse filed as Document Number 65-8.

Respectfully submitted,

**Ramey & Schwaller, LLP**

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Ramey LLP*

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Microsoft, Jonathan Lamberson ,via email on July 16, 2024 concerning the filing of these objections and they are opposed to these objections.

/s/ William P. Ramey, III
William P. Ramey, III

---

[11] Doc. No. 74-2, Ramey Decl. at ¶4.
[12] *See Lechuga v. S. Pac. Transp. Co.*, 949 F.2d 790, 798 (5th Cir. 1992) (stating that "[c]onclusory statements in an affidavit are not evidence").

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served today, July 17, 2024, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III
