**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **CTD NETWORKS LLC,** | |
| **Plaintiff,** | **Civil Action No. 6:22-cv-01049-XR** |
| **v.** | |
| **MICROSOFT CORPORATION,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## RAMEY LLP'S MOTION FOR SANCTIONS AGAINST MICROSOFT CORPORATION, ITS ATTORNEY JONATHAN LAMBERSON, AND ERIC MOREHOUSE

## TABLE OF CONTENTS

I.    MOREHOUSE LATE DECLARATION ..........................................................................2

II.   FACTUAL INTRODUCTION ........................................................................................5

III.  RELEVANT LAW ........................................................................................................7

IV.  ARGUMENT .................................................................................................................8

      A.    LAMBERSON AND MOREHOUSE HAVE UNREASONABLY AND
            VEXATIOUSLY EXTENDED THE LITIGATION ............................................8

      B.    Microsoft, Lamberson and Morehouse are Subject to Sanctions Under the Court's
            Inherent Power .......................................................................................................10

      C.    Microsoft, Lamberson and Morehouse Should Be Sanctioned Under the Court's
            Inherent Power .......................................................................................................12

      D.    The Morehouse Declaration Warrants Sanctions ..................................................13

V.    CONCLUSION............................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353 (Fed. Cir. 2017).......................11

*Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633 (Fed. Cir. 2015) ..........................10

*Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683 (Fed. Cir. 2008).......................10

*Browning v. Kramer,* 931 F.2d 340 (5th Cir.1991) ....................................................7

*Castro & Co., LLC v. Diamond Offshore Servs. Ltd.,* No. 3:18-CV-574-M, 2018 WL 6069973 (N.D. Tex. Oct. 29, 2018)............................................................... *8*

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).................................................................................................... 7, 8, 14

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017) ..............................................................................................................11

*Continental Paper Bag Co. v. Eastern Paper Bag Co.*, 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122 (1908)................................................................................10

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).............................................................................................10

*Edwards v. Gen. Motors Corp.*, 153 F.3d 242 (5th Cir.1998)........................ 7, 8, 13

*Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011)........................11

*Evans v. Jeff D.*, 475 U.S. 717, 734, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) ........12

*Fed. Deposit Ins. Co. v. Maxxam, Inc.,* 523 F.3d 566 (5th Cir. 2008) ......................8

*Jenkins v. Methodist Hosp. of Dallas,* 478 F.3d 255 (5th Cir. 2007) ........................8

*King Instruments Corp. v. Perego*, 65 F.3d 941 (Fed. Cir. 1995)...........................11

*Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360 (Fed. Cir. 2017)..........12

*Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1995).........................10

*SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344 (Fed. Cir. 2015) ...................... 10, 11

*Stitt v. Williams,* 919 F.2d 516 (9th Cir.1990)...........................................................7

*Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347 (Fed. Cir. 2019).............. 10, 11

**Constitutional Provisions & Statutes**

28 U.S.C. § 1927 ...................................................................................................7

**Rules & Regulations**

Fed. R. Civ. P. 11 ...............................................................................................7

Ramey LLP ("Ramey LLP") files this Motion for Sanctions Against Defendant Microsoft Corporation ("Microsoft"), its attorney Jonathan Lamberson ("Ramey LLP's Motion for Sanctions"), and Eric Morehouse.  Ramey LLP seeks sanctions under the Court's inherent power, and Section 1927 Sanctions Against Lamberson showing the Court that Microsoft and Lamberson should be sanctioned for the filing of the Morehouse Declaration with an improper purpose and without an adequate pre-filing investigation as it lacks any evidentiary basis and the circumstances surrounding the Morehouse Declaration should have caused Microsoft and Lamberson pause. Rather than discharge their duties to the Court, both Microsoft and Lamberson gleefully accepted the Morehouse Declaration without a proper investigation in an effort to defame William Ramey and Ramey LLP.  Microsoft's in-house counsel Nicholas Kim should not be allowed to use the courts in this manner.  Microsoft's improper purpose of attempting to drive Ramey and Ramey LLP from business is highlighted by the fact that Microsoft and CTD Networks, LLC ("CTD") have already settled their dispute, a fact they have failed to tell the Court.  Eric Morehouse is properly sanctioned for this false threadbare declaration that was created to be used as an abuse of the judicial process.  The Morehouse Declaration was part of the *quid pro quo* for Microsoft's settlement with CTD.  Morehouse additionally caused CTD to drop its appeal of this Court's Order, to prevent a review of the underlying merits decision.[1]  Such conduct is reprehensible and an abuse of the legal system.

Ramey LLP also includes its 21-day safe harbor Rule 11 Notice to Microsoft, Kim, Lamberson, and Morehouse as Exhibit EE, an exact copy of a Rule 11 Motion that will be filed if the offending material is not withdrawn, Microsoft's Renewed Motion for Rule 11 Sanctions.[2]

Morehouse provided the conclusory and uncorroborated late declaration that is the

---

[1] Declaration of William P. Ramey, III ("Ramey Decl.") at ¶¶ 26-29; Ex. BB at 1.
[2] Microsoft's Rule 11 Motion is filed as Doc. No. 65.

centerpiece of Microsoft's Renewed Motion for Sanctions.  Morehouse's late declaration on behalf of CTD is demonstrably false and independently sanctionable.  It is well-known that Eric Morehouse, through his company AiPi, is in a fee dispute with Ramey LLP that includes work on this case.[3]

## I.      MOREHOUSE'S LATE DECLARATION

The center piece of Microsoft's Renewed Motion for Sanctions and this Motion for Sanctions is the Morehouse Declaration, which was created in February 2024.  Yes, this new evidence was only created by Morehouse after the underlying case was closed and while Microsoft was pressing a Motion under Section 285 against CTD, a company Morehouse controls.[4] However, the Morehouse Declaration is entitled to no weight as each of its statements are false. Morehouse's Declaration, filed as Document Number 65-8 makes 3 conclusory, uncorroborated, and demonstrably false sworn statements:

Paragraph 2 of the Morehouse Declaration is false as CTD is not judgement proof.  CTD has settled many lawsuits producing sufficient revenue for CTD to satisfy at least a portion of Microsoft's fee request. Sealed exhibits A-D to the declaration of William P. Ramey, III are true and correct copies of four redacted settlement agreements.  Due to confidentiality provisions in the settlement agreements, Ramey LLP is filing the settlement agreements heavily redacted and sealed.  However, upon Court Order, Ramey LLP can file sealed copies of the unredacted settlement agreements.[5]  The settlement agreements show revenue received by CTD.  Ramey LLP is prevented from disclosing the agreements without Court Order.

Paragraph 3 is demonstrably false as not only did Morehouse approve the filing of the

---

[3] Ramey Decl. at ¶12-21; Ex. U at 7-10.
[4] Doc. No. 60-1 at ¶¶8, 11, and fn.2.
[5] Ramey Decl. at ¶3(a).

Amended Complaint,[6] he and Erik Lund sent the claim charts to be included with the Second Amended Complaint in an e-mail on April 18, 2023.  Exhibit E to the declaration of William P. Ramey, III is a true and correct copy of an April 18, 2023 e-mail from Erik Lund to Linda Saltiel (a former attorney at Ramey LLP), copying Morehouse, William Ramey, Kyril Talanov and Susan Kalra.  The e-mail address "elund@aipisolutions.com" is the e-mail address for Erik Lund.  The e-mail address "emorehouse@aipisolutions.com" is the e-mail address for Eric Morehouse. Exhibits F-I to the declaration of William P. Ramey, III, respectively, are true and correct claim charts sent by Erik Lund and Eric Morehouse for the Amended Complaint against Microsoft filed April 21, 2023.  Exhibit J to the declaration of William P. Ramey, III  is a true and correct copy of an e-mail chain between Erik Lund, Eric Morehouse, and William Ramey wherein Erik Lund acknowledges that "we" (including Eric Morehouse) gave our best efforts to the Amended Complaint against Microsoft.[7]  This communication further shows Eric Morehouse's approval even after the Amended Complaint against Microsoft was filed.

Paragraph 4 is false as Eric Morehouse had many chances to dismiss the Amended Complaint but did not and in fact approved proceeding forward in the case even after the June 29, 2023 Hearing on Microsoft's Motion to Dismiss the Amended Complaint.  Exhibit K to the declaration of William P. Ramey, III is a true and correct copy of an e-mail dated April 25, 2023 from Linda Saltiel to Eric Morehouse forwarding a settlement communication from Microsoft. Exhibit L to the declaration of William P. Ramey, III is a true and correct copy of the settlement communication attached to Exhibit K.  Microsoft offered a walk away at that point and Eric

---

[6] The Amended Complaint was filed as First Amended Complaint (Doc. No. 39).  The Court dismissed the First Amended Complaint but also mentioned Second Amended Complaint in the Order (Doc. No. 44 at 19). Morehouse's Late Declaration's reference to the Second Amended Complaint is believed to reference Doc. 39 as there was no amended complaint styled Second Amended Complaint.
[7] Ramey Decl. at ¶3(b).

Morehouse did not accept.  On June 30, 2023, after the hearing on Microsoft's Motion to Dismiss, Morehouse approved CTD to "stay the course" even though Ramey counseled that CTD would likely to need to appeal and may be sanctioned.  Morehouse specifically affirmed the instructions by saying "S[o]unds (sp) good" in response to Ramey's request for direction.  In subsequent phone conversations, Morehouse affirmed continuing through appeal but at some point, after Joe Zito became involved, Morehouse changed his position.[8]  In fact, William Ramey's e-mail discusses dismissing the amended complaint, but Morehouse directed not dismissing the Amended Complaint and proceeding on.[9]  It belies belief that Morehouse now claims that he directed Ramey LLP to dismiss the Amended Complaint.  The contemporaneous documents show otherwise.

Neither Ramey nor anyone else at Ramey LLP was instructed to dismiss the Amended Complaint.  Exhibit N to the declaration of William P. Ramey, III is an e-mail chain dated September 14, 2023 where Lund and Morehouse are asking what needs to be done in the cases after receiving Microsoft's request to meet and confer on the reasonableness of the requested fees.[10]  There is no question that a dismissal was discussed but Morehouse chose the route of appeal and the documents show just that.

Exhibit O to the declaration of William P. Ramey, III an e-mail chain dated October 23, 2023 concerning Morehouse, Lund and Joe Zito's proposed revisions to my declaration in our response to the motions for fees filed by Microsoft, Google and Cisco.  Notably, in Sealed and redacted Exhibit O, Lund states, the 4:12 pm e-mail on October 23, 2023, that Morehouse is not counsel for any of AiPi clients/customers, which includes CTD, in direct contradiction to

---

[8] Joe Zito is an attorney who joined Whitestone Law in the late summer of 2023 and also works as an attorney for DNL Zito.  Joe Zito falsely publicized that Ramey LLP was not authorized to file the Second Amended Complaint
[9] Ramey Decl. at ¶3(c).
[10] Ramey Decl. at ¶4.

Paragraph 1 of Morehouse's declaration.[11]

This late assertion that Morehouse is counsel for CTD does not make sense.  Morehouse appears to change his affiliation more than a chameleon walking across a multi-colored surface. Morehouse is first a member of AiPi, communicating with an AiPi e-mail address, then a founding partner of Whitestone Law, and now in-house counsel for CTD. Regardless of Morehouse's affiliation, he was working as AiPi when he provided direction to Ramey LLP on the CTD cases. Morehouse always interacted with Ramey on CTD issues as AiPi and not as in-house counsel.[12]

## II.    FACTUAL INTRODUCTION

Plaintiff CTD Networks LLC ("CTD") sued Defendant Microsoft on October 6, 2022, alleging that Microsoft infringes U.S. Pat. Nos. 8,327,442 ("the '442 Patent"), 9,438,614 ("the '614 Patent"), 9,503,470 ("the '470 Patent"), 11,171,974 ("the '974 Patent"), and 9,402,158 (collectively, the "Patents-in-Suit").[13] On December 30, 2022, Microsoft filed a Motion to Dismiss CTD's Complaint for Failure to State a Claim ("Microsoft's Motion").[14]   The Court granted Microsoft's Motion with leave to amend.[15]  Microsoft filed a Motion to Dismiss the First Amended Complaint un May 22, 2023 ("Microsoft's Second Motion").[16]  The parties had a hearing on June 29, 2023 and the Court took Microsoft's Second Motion to Dismiss under advisement.[17]   On August 22, 2023, the Court granted Microsoft's Second Motion to Dismiss.[18] Microsoft's Motion for Fees followed.[19]   Microsoft also file a Motion for Sanctions against Ramey LLP.[20]   On

---

[11] Ramey Decl. at ¶5.
[12] *Id*. at ¶4.
[13] Doc. No. 1
[14] Doc. No. 13.
[15] April 10, 2023, Hearing Transcript at 43-44; Doc. No. 34, April 10, 2023 Minute Entry granting Doc. No. 31.
[16] Doc. No. 40.
[17] Doc. No. 43.
[18] Doc, No. 44.
[19] Doc. No. 49.
[20] Doc. No. 50.

September 21, 2023, the Court terminated Microsoft's Motion for Sanctions against Ramey LLP pending the resolution of Plaintiff's appeals.[21]  Plaintiff appealed the Court's dismissal.[22]  On November 6, 2023, the Court deferred ruling on Microsoft's Motion for attorneys' fees until CTD's appeals were concluded.[23]  After the case was dismissed, but prior to September 20, 2023, Ramey LLP received authority from Morehouse and Lund to file the Notice of Appeal in this matter.[24] Subsequently, but prior to December 27, 2023, Ramey LLP received authority from Joseph Zito of Whitestone Law during a phone conversation to file the Appeal Brief.[25]  On December 27, 2023, CTD filed its Opening Brief at the Federal Circuit in support of the appeal.[26]

At some point after CTD authorized the filing of the Notice of Appeal, CTD and Microsoft settled their dispute.[27]  In opposing Ramey LLP's request to maintain the appeal at the Federal Circuit and have the underlying issue determined, Microsoft provided that

> **Allowing this appeal to proceed despite the parties' settlement would undermine the purpose of the settlement and result in wasted effort.** Specifically, Movant's request is unripe because the district court has not yet addressed whether it should award Microsoft its attorney's fees, and whether Ramey LLP should be sanctioned. If this appeal proceeds and Microsoft prevails, the district court might nonetheless deny the pending fee and sanctions motions, rendering this entire appeal an unnecessary exercise in futility. **If this appeal proceeds and Movant prevails, the case will *still* not reach the merits, since CTD licensed Microsoft under the asserted patents. Rather than maintaining this appeal, the Court should dismiss it in accordance with the stipulation filed by CTD. If Ramey LLP is sanctioned, it can file a new appeal challenging the sanctions award and disputing the underlying merits decision that triggered it**.[28]

In April of 2024, Morehouse executed the Morehouse Declaration.[29]  Microsoft comments

---

[21] September 21, 2023, Text Order terminating Doc. No. 50.
[22] Ramey Decl. at ¶21 and Ex. E thereto.
[23] Ramey Decl. at ¶22; November 6, 2023 Minute Entry.
[24] Ramey Decl. at ¶23.
[25] *Id.* at ¶24.
[26] *Id.* at ¶25.
[27] Ex. BB at 1.
[28] Exhibit BB at 1 (emphasis added); Ramey Decl. at ¶27.
[29] Doc. No. 65-8.

to the news media that " '[t]hese new facts confirm it was Ramey LLP that pursued baseless

claims, ignoring its own client's instructions, and thus Ramey LLP should be held liable

for the fees Microsoft incurred defending against these claims,' Microsoft said."[30]

## III.    RELEVANT LAW

Section 1927 provides that a court may require an attorney to "satisfy personally the excess

costs, expenses, and attorneys' fees reasonably incurred" when the attorney "multiplies the

proceedings in any case unreasonably and vexatiously."[31]   However, a lawyer should not be

sanctioned for failing to abandon his client's case at the drop of a motion, unless there is no

colorable defense to the motion that can be advocated and no possible merit to any argument that

can be advanced.[32]   The Supreme Court has cautioned that court's must find fraud or abuse of the

judicial process sufficiently beyond 'exceptional' before it can invoke its inherent sanctioning

power.[33]   The Fifth Circuit requires "evidence of bad faith, improper motive, or reckless disregard

of the duty owed to the court."[34]   Section 1927 only authorizes shifting fees that are associated

with "the persistent prosecution of a meritless claim."[35]

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party or

attorney who files a pleading for an improper purpose, such as to harass the opposing party, delay

the proceedings, or increase the expense of litigation. *See* FED. R. CIV. P. 11(b), (c). Under Rules

11(a) and 11(b),

> every pleading, written motion, and other paper must be signed by at least one
> attorney of record in the attorney's name....

---

[30] https://www.law360.com/ip/articles/1848840?nl_pk=a08b76dd-a4aa-4ef6-8c38-
a3b8726fbf5d&utm_source=newsletter&utm_medium=email&utm_campaign=ip&utm_content=2024-06-
18&read_main=1&nlsidx=0&nlaidx=1
[31] 28 U.S.C. § 1927.
[32] *Stitt v. Williams,* 919 F.2d 516, 528 (9th Cir.1990).
[33] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).
[34] *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir.1998).
[35] *Browning v. Kramer,* 931 F.2d 340, 345 (5th Cir.1991).

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

…

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….[36]

The Fifth Circuit "has been emphatic" that the Rule 11 analysis is a strictly objective inquiry and "expressly rejected any inquiries into the motivation behind a filing."[37]

A court may use its inherent powers to sanction fraud or abuse of the judicial process sufficiently beyond 'exceptional' without a 21-day waiting period.[38]  The Fifth Circuit requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[39]

## IV.   ARGUMENT

### A. LAMBERSON AND MOREHOUSE HAVE UNREASONABLY AND VEXATIOUSLY EXTENDED THE LITIGATION

CTD and Microsoft admit they settled their dispute.[40]  Therefore, in filing its Renewed Motion for Sanctions, Lamberson and Morehouse have unreasonably extended the litigation.  In opposing Ramey LLP's request to maintain the appeal at the Federal Circuit and have the underlying issue determined, Microsoft told the Federal Circuit that the matter was settled:

> **Allowing this appeal to proceed despite the parties' settlement would undermine the purpose of the settlement and result in wasted effort.** Specifically, Movant's request is unripe because the district court has not yet addressed whether it should award Microsoft its attorney's fees, and whether

---

[36] *Castro & Co., LLC v. Diamond Offshore Servs. Ltd.*, No. 3:18-CV-574-M, 2018 WL 6069973, at *8 (N.D. Tex. Oct. 29, 2018), *report and recommendation adopted,* No. 3:18-CV-574-M, 2018 WL 6068977 (N.D. Tex. Nov. 20, 2018).

[37] *Fed. Deposit Ins. Co. v. Maxxam, Inc.,* 523 F.3d 566, 580 (5th Cir. 2008) ; *Jenkins v. Methodist Hosp. of Dallas,* 478 F.3d 255, 264 (5th Cir. 2007).

[38] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

[39] *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir.1998).

[40] Ex. BB at 1.

Ramey LLP should be sanctioned. If this appeal proceeds and Microsoft prevails, the district court might nonetheless deny the pending fee and sanctions motions, rendering this entire appeal an unnecessary exercise in futility. **If this appeal proceeds and Movant prevails, the case will *still* not reach the merits, since CTD licensed Microsoft under the asserted patents. Rather than maintaining this appeal, the Court should dismiss it in accordance with the stipulation filed by CTD. If Ramey LLP is sanctioned, it can file a new appeal challenging the sanctions award and disputing the underlying merits decision that triggered it.**[41]

What is the purpose of the Microsoft/CTD settlement?  If there remains a pending motion for fees, how is the matter settled?  Is the purpose solely to have the Court consider the Motion for Sanctions against Ramey LLP?   Is the settlement itself for an improper purpose demanding *sua sponte* sanctioning by the Court of Morehouse, Microsoft and Lamberson?

Lamberson and Morehouse have unreasonably and vexatiously extended the litigation and such conduct cannot be tolerated.  Lamberson and Morehouse should pay for Ramey LLP's time in responding to the Renewed Motion for Sanctions as it is moot, including the attendant motions for sanction.[42]  Under Section 1927, Lamberson and Morehouse are only liable for the fees and costs incurred by Ramey LLP in responding to the vexatious conduct, Microsoft's Renewed Motion for Sanctions ("Response") and the attendant Motions for sanctions.  Ramey LLP's attorney William Ramey has billed more than 75 hours on the Response.  Ramey LLP's attorney Jeff Kubiak has billed more than 5 hours on the Response.  Ramey LLP's attorney has billed more than 2 hours on the Response.  Ramey LLP's paralegals have billed more than 2hours on the Response.  Ramey LLP anticipates further billing on the matter for possible discovery and a hearing and therefore requests the opportunity to submit its itemized billing records within 2 weeks of the Court's ruling on this motion.

### B.  Microsoft, Lamberson and Morehouse are Subject to Sanctions Under the Court's Inherent Power

---

[41] Exhibit BB at 1 (emphasis added); Ramey Decl. at ¶27.
[42]

Much of Microsoft's Renewed Motion for Sanctions reads like a hit piece, big on accusation, but little on fact. There is nothing improper in being a nonpracticing entity ("NPE") or a lawyer representing an NPE.  As Justice Kennedy explained:

> An industry has developed in which firms use patents not as a basis for producing and selling goods but, instead, primarily for obtaining licensing fees.[43]

In fact, the Federal Circuit has commented on the business of a nonpracticing entity, specifying that "[w]here the patentee is an entity that uses patents primarily to obtain licensing fees, its business objectives are premised on monetary relief being sufficient to compensate for infringement."[44] NPE's are subject to the same rules as other parties, not more stringent rules, and the patent statute does not restrict enforceable patent rights to those who practice the patent, even for soon to expire patents as six years of past infringement damages are potentially available.[45] The Federal Circuit and the Supreme Court have recognized the role that NPE's play.[46]

Microsoft alleges that Ramey LLP should be sanctioned for filing multiple lawsuits. However, such a finding would not show misconduct on its own.[47]  While it is true that "[a] pattern of litigation *abuses* characterized by the repeated filing of patent infringement actions *for the sole purpose of forcing settlements*, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285" (not 1927).[48] The Federal Circuit has emphasized "that filing a large number of suits does not, by itself, justify an inference of such

---

[43] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 396, 126 S. Ct. 1837, 1842, 164 L. Ed. 2d 641 (2006).
[44] *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 650 (Fed. Cir. 2015).
[45] *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1362 (Fed. Cir. 2019).
[46] *See id citing See Continental Paper Bag Co. v. Eastern Paper Bag Co.*, 210 U.S. 405, 424–25, 28 S.Ct. 748, 52 L.Ed. 1122 (1908); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 703 (Fed. Cir. 2008); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995); *cf. eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).
[47] *Thermolife Int'l LLC*, 922 F.3d at 1362
[48] *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015); *see Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324–28 (Fed. Cir. 2011).

an improper motive."[49] In this case, CTD believed the claims of Patents-in-Suit applied "to the activities of numerous persons, such as numerous sellers of similar products, and [CTD believed it had] a legitimate interest in pressing reasonably grounded claims against all [] of them."[50] Now that Microsoft has settled with CTD, its attacks CTD's patents as being worthless and as being technology no one uses. [51]  However, had Microsoft allowed the merits of the appeal to proceed, a very different tale would be unfolding, as Microsoft did infringe. However, now that Microsoft has settled with CTD the truth will never be told.

That Lamberson comments on other cases Ramey LLP has filed is absurd and against the great weight of the law.  The Federal Circuit is clear, "there is no minimum damages requirement to file a patent infringement case," and "[a]sserting seemingly low damages against multiple defendants—or settling with defendants for less than the cost of litigation—does not necessarily make a case [sanctionable]."[52] The Federal Circuit has also recognized that a patent plaintiff is able to make patent litigation more affordable by distributing common costs over many suits, thus making each suit worthwhile on lower terms.[53]  Moreover, as for settlement amounts, a low figure might simply reflect the small size of an individual defendant's potential liability. Indeed, the figure may result from what the Supreme Court has recognized as the normal, legitimate settlement calculus, which includes consideration of litigation costs: specified as a prediction of the amount of liability, discounted by its probability, plus the transaction costs of further litigation.[54] However,

---

[49] *SFA Sys.*, 793 F.3d at 1351.

[50] *Thermolife Int'l LLC*, 922 F.3d at 1363 *citing Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017) (distinguishing legitimate "motivation to implement the statutory patent right by bringing suit based on a reasonable belief in infringement" from motivation "to harass or burden an opponent"); *and King Instruments Corp. v. Perego*, 65 F.3d 941, 950 (Fed. Cir. 1995) (recognizing deterrence value of enforcement actions).

[51] https://www.law360.com/ip/articles/1848840?nl_pk=a08b76dd-a4aa-4ef6-8c38-a3b8726fbf5d&utm_source=newsletter&utm_medium=email&utm_campaign=ip&utm_content=2024-06-18&read_main=1&nlsidx=0&nlaidx=1

[52] *Thermolife Int'l LLC*, 922 F.3d at 1363-4 *citing AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1361 (Fed. Cir. 2017).

[53] *See Id.*

[54] *Evans v. Jeff D.*, 475 U.S. 717, 734, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986); *see Prism Techs. LLC v. Sprint*

11

in today's patent infringement world, another factor that should be considered by the courts are the high costs of patent infringement litigation, which are high enough to take away most patent plaintiff's access to legal representation.  Liability and damages experts alone can be several hundred thousand dollars with the costs of even small cases getting into the 7 figures.  As such, patent litigation has become so expensive as to make it almost impossible for most patent owners to enforce their patents, in large part due to the litigation tactics of parties like Microsoft who commonly make the costs higher than necessary, including by filing frivolous sanctions motions. Also, there is no evidence, or anything in the record, that CTD sought nuisance value settlements while pressing baseless infringement contentions.  In fact, as redacted Exhibits A – D indicate, CTD's settlements have been anything but frivolous. Because CTD and Microsoft have settled their dispute and the Renewed Motion for Sanctions attacks legally permissible activities, Lamberson should be sanctioned under Section 1927.  There simply was no basis for Lamberson to file the Renewed Motion for Sanctions and he should be sanctioned for extending this matter. Likewise, Morehouse should share in the sanction as the baseless Section 1927 Motion was only filed because of false declaration.

## C. Microsoft, Lamberson and Morehouse Should Be Sanctioned Under the Court's Inherent Power.

Microsoft and Lamberson gleefully accepted the Moreghouse Declaration even though all evidence filed in this Court in response to Microsoft's Motion for Attorneys' Fees points to it being false.[55] In the declaration provided, it was disclosed that Eric Morehouse worked on revising the infringement charts for the Amended Complaint. [56]  Also, Microsoft was aware, before the April Morehouse Declaration, that CTD had approved the filing of the Appeal that would have reviewed

---

*Spectrum L.P.*, 849 F.3d 1360, 1369 (Fed. Cir. 2017).
[55] Doc. No. 58-2 at ¶¶ 3, 4, 6, and 11-16.
[56] Doc. No. 58-2 at ¶¶ 3, 4, 6, and 11-16.

the merits of the dismissal.[57]  As such, Microsoft and its counsel Lamberson should have sought additional information before defaming William Ramey and Ramey LLP.  Neither Microsoft nor its counsel bothered to even attempt a call with William Ramey or any lawyer at Ramey LLP concerning the allegations prior to ambushing with the Morehouse Declaration.[58]  Such conduct should not be tolerated and should be severely sanctioned.  This is evidence of a lack of a reasonable investigation of the facts before filing the motion that supports a finding of bad faith.[59]

Microsoft and Lamberson should not be allowed to feign that they had a good faith belief in Morehouse's declaration because they knew of the contested nature of the pleadings and how Morehouse was involved throughout.[60] It belies logic that Lamberson and Microsoft (through Kim) would not have investigated such shocking new allegations as the late Morehouse Declaration created.  It is completely unreasonable to accept such facts without further investigation unless Lamberson and Microsoft (through) Kim's purpose was to defame Ramey and Ramey LLP.  There can be no other explanation. Ramey LLP anticipates further billing on the matter for possible discovery and a hearing and therefore requests the opportunity to submit its itemized billing records within 2 weeks of the Court's ruling on this motion.

### D.  The Morehouse Declaration Warrants Sanctions

Ramey LLP believes that it has sufficiently shown that the Morehouse Declaration is false. However, if the Court disagrees, Ramey LLP requests discovery on this new evidence and a deferral by the Court to rule on this Motion for  Sanctions until that discovery is concluded.  Joe Zito and Eric Morehouse have a habit of filing false documents concerning Ramey LLP.[61]  In a

---

[57] Ramey Decl. at ¶23; Doc. No. 65-3 at 9-10.
[58] Ramey Decl. at ¶3.
[59] *See, e.g., Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir.1998).
[60] Doc. No. 58-2 at ¶¶3, 4, and 7.
[61] Ramey Decl. at ¶¶ 15-19.

case styled *California Innovations, Inc. v. Ice Rover, Inc.*, Cause No. 1:22-cv-1986, Joe Zito while at Whitestone Law, filed a motion falsely alleging that Ramey LLP failed to discharge its duty to its client by serving timely discovery.[62]   However, the evidence showed that it was Whitestone Law that failed to serve the discovery and that Ramey had specifically reminded attorneys at Whitestone Law that discovery needed to be sent out before withdrawing from the case.[63]   Joe Zito and Eric Morehouse have a habit of making false accusations in court concerning Ramey LLP.

The Morehouse Declaration was created on February 28, 2024 only after Ramey refused to sign a declaration created by Morehouse that sought to change Ramey's prior declarations, including the declarations in the *California Innovations* case.[64]   Morehouse offered to pay AiPi's past due accounts if Ramey would sign the declaration,[65] but the declaration Morehouse sought Ramey to sign was false and Ramey told Morehouse he would not sign.[66]   Only then was the Morehouse Declaration created.   Yes, you read this correctly, Morehouse tried to bribe Ramey for a false statement and he put it in an e-mail, which is evidence of an abuse of the judicial process warranting sanctions, a fact that should serve as a specific finding of bad faith.[67]   Lamberson, Microsoft and Morehouse should be sanctioned by the Court for the filing and prolonging this litigation.

Ramey LLP has a mission of making patent litigation available to all patent owners with valid infringement claims.   Ramey LLP is able to level the playing field by efficiently litigating patent infringement cases .   Ramey LLP tries to make patent infringement litigation affordable for those patent infringement cases where the potential damages make the case unattractive to most

---

[62] Ramey Decl. at ¶16.
[63] *Id*. at ¶¶ 17-19.
[64] *Id*. at ¶¶ 20-21.
[65] *Id*. at ¶20.
[66] *Id*. at ¶¶ 20-21.
[67] *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

firms.  Ramey LLP believes all meritorious claims can be pursued and all intellectual property owners deserve representation.  Far too many patent plaintiffs are denied access to courts because of the costs.  Ramey LLP does what it can to remedy that fact.  That Microsoft finds itself accused of infringing patents is not a commentary on Ramey LLP but rather the business practices of Microsoft.   Microsoft's scandalous comment concerning Ramey LLP's clients being shell companies illustrates Microsoft's lack of respect for the patent rights of others.  If Microsoft is owed money by an improper shell company, it can seek recovery from the principals of that company.  Attacking the law firms representing proper companies will simply further deny access to the court for patent plaintiffs, a result Microsoft seems to endorse.

### V.      CONCLUSION

For all the foregoing reasons, Plaintiff requests that each of Microsoft, Lamberson and Morehouse are sanctioned.

Respectfully submitted,

**RAMEY LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, TX 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for Ramey LLP and William Ramey***

### CERTIFICATE OF CONFERENCE

I hereby certify that on July 16, 2024, I conferred via e-mail with Lamberson, counsel for

Microsoft, Morehouse and Joe Zito.  Lamberson acknowledged my communication, but denied the motion was warranted.  However, neither Morehouse nor Zito responded.  Accordingly, this Motion is filed as opposed.

By: */s/ William P. Ramey, III*
William P. Ramey, III

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2024, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

By: */s/ William P. Ramey, III*
William P. Ramey, III

16