IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CTD NETWORKS LLC, | |
| **Plaintiff,** | Civil Action No. 6:22-cv-01049-XR |
| v. | |
| MICROSOFT CORPORATION, | JURY TRIAL DEMANDED |
| **Defendant.** | |

## RAMEY LLP'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST MICROSOFT CORPORATION, ITS ATTORNEY JONATHAN LAMBERSON, AND ERIC MOREHOUSE

Microsoft and Lamberson's response to Ramey LLP's Motion for Sanctions Under §1927 and inherent power of the Court is remarkable in its failure address the conduct relied upon to support a §1927sanction, the unreasonable and vexatious multiplication of the legal proceedings through Microsoft and Lamberson's reckless disregard of a duty to the Court by use of the Morehouse Declaration in its Renewed Motion for Sanctions[1] without reasonable inquiry despite clear evidence undermining its factual contentions.[2]  The procedural history is clear, on September 21, 2023, the Court deferred ruling on Microsoft's Motion for Sanctions against Ramey LLP until after CTD's appeals.[3]  However, rather than let the appeals process proceed, Microsoft settled its dispute with CTD and ended the appeal while trying to keep alive the Motion for Sanctions against Ramey LLP.[4]  On its own, this is an extreme abuse of the legal system.  However, Microsoft doubles down (borrowing from Microsoft's brief) and attempts to defend the indefensible, but no

---

[1] Doc. No. 65.
[2] *See, e.g., Morrison v. Walker*, 939 F.3d 633, 637–38 (5th Cir. 2019).
[3] Doc. No. 76-2, Ramey Decl. at ¶22; September 21, 2023 Minute Entry.
[4] Doc. No. 76-30, Exhibit BB at 1 (emphasis added); Doc. No. 76-2, Ramey Decl. at ¶27.

where in that defense does Microsoft offer any argument or support that it conducted even a cursory investigation of the Morehouse Declaration prior to using it as the great "gotcha" weapon for its Renewed Motion for Sanctions.  Such blatant disregard of duties owed to this Court require a sanction against both Lamberson and Microsoft in the amount of Ramey LLP's attorneys' fees expended in defending against Microsoft's Renewed Motion for Sanctions.  It is telling that Microsoft's defense of Ramey LLP's Motion is admitting that they did not perform any diligence on the declaration and instead arguing that Morehouse's statements, in some attenuated fashion, *might* be true.

I.      **MICROSOFT'S ARGUMENT THAT RAMEY LLP OR WILLIAM RAMEY CANNOT SEEK SANCTIONS IS CONTRARY TO THE LAW**

Ramey LLP and William Ramey are allowed to seek sanctions against Microsoft because they have a legally protectable interest in the motion for sanctions.[5]  The cases cited by Microsoft fail to support its position.  The *Vesco v. Snedecker*[6] case cited by Microsoft concerned a motion to intervene.  Likewise, *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks* concerned a collateral attack of a judgment by a non-party.[7]   As well, *Nyer v. Winterthur Int'l* only provides that nonparties generally may not bring a motion for sanctions.[8]  However, *Nyer* definitively provides that Ramey LLP is entitled to file a motion for sanctions against the other side based on Microsoft and Lamberson motion for sanctions filed against Ramey LLP and William Ramey.[9]  Here, Ramey LLP was the law firm representing the plaintiff CTD.  Microsoft has moved to sanction Ramey LLP and William Ramey thereby providing the legally protectable interest allowing Ramey LLP to seek sanctions based on that filing.[10] In short, Microsoft's argument that

---

[5] *Nyer v. Winterthur Int'l,* 290 F.3d 456, 459 (1st Cir. 2002).
[6] 80 Fed. Appx. 657, 659 (10th Cir. 2003).
[7] 915 F.2d 1301, 1307 (9th Cir. 1990).
[8] 290 F.3d 456, 459 (1st Cir. 2002).
[9] *Id.*
[10] *Nyer*, 290 F.3d at 459.

Ramey LLP cannot file its own motion for sanctions is legally flawed and is a further example of a baseless Microsoft argument.

## II.    THE MICROSOFT CTD SETTLEMENT RESOLVED MICROSOFT'S MOTION FOR SANCTIONS

Microsoft and CTD's case is settled, as Microsoft admits.[11]  Therefore, all motions filed by Microsoft are resolved.  The Fifth Circuit has spoken on this issue and any sanction award would be vacated as moot after the parties have settled.[12]  Microsoft cannot now seek sanctions against Ramey LLP or William Ramey as the underlying case is settled.  Ramey LLP admits that the Court has the power to sanction under its own inherent powers.  However, Microsoft resolved its dispute in this matter and no motion for compensatory sanctions payable to Microsoft is pending as the matter is settled.[13]  Microsoft argued in a prior filing[14] that the case was distinguishable because the parties in the cited case agreed to bear their own fees, but the holding is clear that all compensable sanctions between the parties are resolved at settlement, only leaving a court's inherent power.[15]  Therefore, as the underlying matter is settled, Microsoft's Renewed Motion for Sanctions was filed solely in an effort to unreasonably and vexatiously increase the costs of the litigation for Ramey LLP, thus warranting sanctions on its own.

## III.   MICROSOFT'S RESPONSE TO THE MOREHOUSE DECLARATION READS LIKE ALICE THROUGH THE LOOKING GLASS

Microsoft and Lamberson seek to avoid sanction by hiding behind the fact that Morehouse swore to his four line, threadbare, uncorroborated, late-filed declaration.[16]  In fact, Microsoft's response provides that they were entitled to rely on the declaration because CTD's counsel, Joe

---

[11] Doc. No. 82 at 3.
[12] *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 640 (5th Cir. 2008).
[13] *Id.*
[14] Doc. No.
[15] *Id.*
[16] Doc. No. 82 at 5-6.

Zito, in December of 2023, provided similar statements about Ramey LLP.[17]  However, December

of 2023 is well after it was documented that Ramey LLP and Eric Morehouse were in a fee

dispute,[18] which fact alone is enough to cause a reasonable lawyer to investigate further.  However,

Microsoft and Lamberson did not care about the veracity of the Morehouse Declaration, they

simply wanted to use it to sanction Ramey LLP and William Ramey.   Microsoft and Lamberson's

defense of the sanctions sought against them for unreasonably and vexatiously extending this

litigation feigns ignorance of the documented facts of this case and attempts to make a mockery of

this process.

## IV.    MICROSOFT'S DEFENSE OF THE MOREHOUSE DECLARATION ESTABLISHES THE LACK OF INVESTIGATION, WARRANTING SANCTIONS

In an effort to counter Morehouse's false declaration, Microsoft further illustrates that it

did no diligence of the Morehouse Declaration prior to filing.  For example, Microsoft states that

there is no evidence that CTD received any of the funds from the settlements.[19]  However, that is

the point, Microsoft did not investigate the threadbare declaration.  Microsoft simply accepted the

words of Morehouse at face value, without question, and based at least a portion of its motion for

sanctions on it.  Microsoft and Lamberson's improper conduct is comparable to filing a patent

infringement lawsuit based solely on the sworn declaration of the patent owner that the defendant

infringes.   Such a filing would never be deemed proper and neither should Microsoft and

Lamberson's filing.

Microsoft's argument supporting Morehouse's uncorroborated statement that no one at

CTD approved the Second Amended Complaint is beyond belief as Morehouse is copied on the e-

---

[17] Doc. No. 82 at fn. 3.
[18] Doc. No. 76-2, Ramey Decl. at ¶12-21; Doc. No. 76-23, Ex. U at 7-10.
[19] Doc. No. 82 at 6.

mail from Erik Lund providing the charts for the Second Amended Complaint[20] and on the e-mail acknowledging the filing[21] and Morehouse is the author of the later e-mail approving the course of action after July Hearing on the Motion to Dismiss the Second Amended Complaint.[22] That Microsoft now claims that Morehouse's use of an AiPi e-mail address somehow means that CTD, with Morehouse as an attorney, did not approve the second complaint is a bridge to far. There is absolutely no reasonable inference from these e-mails other than that Morehouse, and consequently CTD, were aware of and approved the filing of the Second Amended Complaint. Microsoft and Lamberson ask this Court to ignore what is plainly before the Court. However, Morehouse's Declaration in fact destroys Microsoft's argument as it provides that he, Morehouse, is in house counsel for CTD.[23]  Microsoft should be sanctioned for its baseless argument which is only further increasing the costs for Ramey LLP. How can Microsoft credibly claim that there is no evidence CTD approved the second amended complaint when its own declarant Morehouse is copied on the e-mails approving the drafts,[24] acknowledging that it was filed,[25] and approving the course of action after the July hearing?[26]  It is an uncontested fact that Morehouse controls CTD[27] and neither Microsoft or Lamberson deny this but still both advanced the baseless argument that CTD did not approve of the Second Amended Complaint. Through the looking glass, yes means no, but in this case, the evidence is conclusive that Morehouse approved of the Second Amended Complaint.

>        **V.**        **SANCTIONS    ARE    WARRANTED    AGAINST    MICROSOFT    AND LAMBERSON**

---

[20] Doc. No. 76-7.
[21] Doc. No. 76-12.
[22] Doc. No. 76-15.
[23] Doc. No. 65-8 at ¶1.
[24] Doc. No. 76-7.
[25] Doc. No. 76-12.
[26] Doc. No. 76-15.
[27] Doc. No. 60-1 at ¶¶8, 11, and fn.2.

This is not a case where Microsoft was made aware of new facts at the close of a case that it then used to support a motion for sanctions. It is undeniable that Microsoft sought the Morehouse Declaration in an attempt to sanction Ramey LLP and William Ramey. It is undeniable that Microsoft, through Lamberson, settled its dispute with CTD, while attempting to leave Ramey LLP and William Ramey open to be sanctioned.[28] While Microsoft provides that CTD paid a tiny amount to settle, the *quid pro quo* was the declaration. Such conduct is sufficient for an inference of bad faith on the part of Microsoft and Lamberson that supports sanctions under the Court's inherent power and §1927. It is abundantly clear that neither Microsoft nor Lamberson conducted any diligence into the uncorroborated, threadbare Morehouse Declaration, which alone warrants sanctions.

While Ramey LLP believes it has provided adequate evidence warranting sanctions against Microsoft and Lamberson, if the Court determines otherwise, discovery is needed into all communications and documents exchanged between Microsoft, Lamberson, Joseph Zito, Nicholas Kim of Microsoft, Eric Morehouse and AiPi limited to the period from 11/01/2023 to the present. After production, depositions of Morehouse, Zito, Lamberson and Kim are requested.

**VI.    CONCLUSION**

For all the foregoing reasons, Plaintiff requests that each of Microsoft, Lamberson and Morehouse are sanctioned. After CTD and Microsoft's settlement, Microsoft's Renewed Motion for Sanctions was filed in a settled case which should be enough to warrant sanctions on its own.

Respectfully submitted,

**RAMEY LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III

---

[28] From a policy perspective, allowing a party to settle a dispute while leaving its attorney open to sanctions invites abuse of the judicial system as every losing defendant would be incentivized to sanction their attorney.

Texas State Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, TX 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for Ramey LLP and William Ramey***

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, a true and correct copy of the foregoing

document was served electronically, via ECF, on all counsel of record who are deemed to have

consented to such service under the Court's local rules.

By: */s/ William P. Ramey, III*
William P. Ramey, III