FILED
August 19, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CV_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CTD NETWORKS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MICROSOFT CORPORATION,**<br><br>Defendant. | Civil Action No. 6:22-cv-01049-XR<br><br>**JURY TRIAL DEMANDED** |

### RAMEY LLP'S SURREPLY IN OPPOSITION TO RENEWED MOTION FOR SANCTIONS FILED BY MICROSOFT

Ramey LLP and William Ramey hereby files this Surreply in Opposition to Microsoft's Renewed Motion for Sanctions[1] addressing the new issues raised by Microsoft that Morehouse's actions cannot be imputed to CTD and that a settlement of the underlying dispute does not settle Microsoft's Motion for Sanctions. Microsoft raised these issues for the first time in its Reply[2] and therefore Ramey LLP requests an opportunity to file a short Surreply addressing those two points as follows:

I. **THE MICROSOFT CTD SETTLEMENT RESOLVED MICROSOFT'S MOTION FOR SANCTIONS**

Microsoft and CTD's settled their dispute, as Microsoft admits.[3] Therefore, all motions filed by Microsoft are resolved. The Fifth Circuit has spoken on this issue and any sanction award would be vacated as moot after the parties have settled.[4] Microsoft cannot now seek sanctions against Ramey LLP or William Ramey as the underlying case is settled. Ramey LLP admits that

---

[1] Doc. No. 65.
[2] Doc. No. 81 at 4-5.
[3] Doc. No. 82 at 3.
[4] *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 640 (5th Cir. 2008).

1

the Court has the power to sanction under its own inherent powers. However, Microsoft resolved its dispute in this matter and no motion for compensatory sanctions payable to Microsoft is pending as the matter is settled.[5] Microsoft argued in a prior filing[6] that the case was distinguishable because the parties in the cited case agreed to bear their own fees, but the holding is clear that all compensable sanctions between the parties are resolved at settlement, only leaving a court's inherent power.[7] Therefore, as the underlying matter is settled, Microsoft's Renewed Motion for Sanctions was filed solely in an effort to unreasonably and vexatiously increase the costs of the litigation for Ramey LLP, thus warranting sanctions on its own.

## II. MICROSOFT'S RESPONSE TO THE MOREHOUSE DECLARATION READS LIKE ALICE THROUGH THE LOOKING GLASS

Microsoft's argument supporting Morehouse's uncorroborated statement that no one at CTD approved the Second Amended Complaint is beyond belief as Morehouse is copied on the e-mail from Erik Lund providing the charts for the Second Amended Complaint[8] and on the e-mail acknowledging the filing[9] and Morehouse is the author of the later e-mail approving the course of action after July Hearing on the Motion to Dismiss the Second Amended Complaint.[10] That Microsoft now claims that Morehouse's use of an AiPi e-mail address somehow means that CTD, with Morehouse as an attorney, did not approve the second complaint is a bridge to far. There is absolutely no reasonable inference from these e-mails other than that Morehouse, and consequently CTD, were aware of and approved the filing of the Second Amended Complaint. Microsoft and Lamberson ask this Court to ignore what is plainly before the Court. However,

---

[5] *Fleming & Assocs.*, 529 F.3d AT 640.
[6] Doc. No. 81 at 4-5.
[7] *Id.*
[8] Doc. No. 76-7.
[9] Doc. No. 76-12.
[10] Doc. No. 76-15.

Morehouse's Declaration in fact destroys Microsoft's argument as it provides that he, Morehouse, is in house counsel for CTD.[11] Microsoft should be sanctioned for its baseless argument which is only further increasing the costs for Ramey LLP. How can Microsoft credibly claim that there is no evidence CTD approved the second amended complaint when its own declarant Morehouse is copied on the e-mails approving the drafts,[12] acknowledging that it was filed,[13] and approving the course of action after the July hearing?[14] It is an uncontested fact that Morehouse controls CTD[15] and neither Microsoft or Lamberson deny this but still both advanced the baseless argument that CTD did not approve of the Second Amended Complaint. Through the looking glass, yes means no, but in this case, the evidence is conclusive that Morehouse approved of the Second Amended Complaint.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiff requests that it is allowed to file this document as its Surreply in support of its Opposition to Microsoft's Renewed Motion for Sanctions.

Respectfully submitted,

**RAMEY LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, TX 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for Ramey LLP and William Ramey***

---

[11] Doc. No. 65-8 at ¶1.
[12] Doc. No. 76-7.
[13] Doc. No. 76-12.
[14] Doc. No. 76-15.
[15] Doc. No. 60-1 at ¶¶8, 11, and fn.2.

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 14, 2024, I e-mailed counsel for Microsoft late in the day and did not receive a response on whether they are opposed to this filing. I then called counsel for Microsoft and discussed the filing and Defendant is not opposed.

By: /s/ William P. Ramey, III
William P. Ramey, III

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2024, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

By: /s/ William P. Ramey, III
William P. Ramey, III